UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID ZIVKOVIC,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br><br>BRENT REINKE, Idaho Department of Correction,<br><br>　　　　　　　　Respondent. | Case No. 1:11-cv-00624-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Dkt. 11.) The Court finds that oral argument is not necessary to resolve this matter, and for the reasons to follow, it will grant Respondent's Motion in part and deny it in part. Claim 2 will be dismissed with prejudice, as procedurally defaulted, but Claim 1 will not be dismissed.

## BACKGROUND

　　　　Petitioner pled guilty in state district court to a felony count of illegal possession of a firearm under Idaho Code § 18-3316, together with other unspecified misdemeanors. (State's Lodging A-1, p. 2.) Sentencing was held in abeyance pending Petitioner's completion of the Oneida County DUI/Drug Court Program. (*Id*.) When Petitioner was later terminated from the program, the state court sentenced him to five years in prison

**MEMORANDUM DECISION AND ORDER - 1**

with the first three years fixed on the felony gun charge. (*Id*. at 2.)

Petitioner did not file a direct appeal, having waived his right to appeal as part of the drug court diversion program, and he instead chose to submit a petition for post-conviction relief. (State's Lodging A-1, p. 2.) In his petition, he claimed that Idaho Code § 18-3316 violates the Ex Post Facto and Bill of Attainder clauses of the United States Constitution, and that his trial counsel was ineffective in not raising those issues. (*Id*. at 3.) The district court noted that Petitioner should have raised his claims on direct appeal, but it nonetheless denied relief on the merits, finding no ex post facto or bill of attainder violations, and thus no ineffective assistance of counsel. (*Id*. at 35.) On appeal, the Idaho Court of Appeals also concluded that because the ex post facto and bill of attainder arguments were without merit, Petitioner's counsel was not ineffective in failing to raise those arguments during the criminal proceedings. (State's Lodging B-6, pp. 3-7.) The Idaho Supreme Court declined to review the case, and the United States Supreme Court later denied certiorari. (State's Lodgings B-9, B-11.)

Petitioner next filed a Petition for Writ of Habeas Corpus in this Court, which, in an Initial Review Order, Chief Magistrate Judge Candy W. Dale construed as alleging (1) that Idaho Code § 18-3316 is unconstitutional because it is a bill of attainder and an ex post facto law, and (2) that the State's "tandem use of [Idaho Code §] 18-3316 with 19-3807 constitutes double jeopardy." (Dkt. 8, p. 5.)

Respondent has now filed a Motion for Summary Dismissal, arguing that Petitioner failed to properly exhaust his claims in the state courts. (Dkt. 11-1, p. 5.) The

**MEMORANDUM DECISION AND ORDER - 2**

case has been reassigned to the undersigned United States District Judge because not all parties consented to a magistrate judge exercising jurisdiction. (Dkt. 17.)

As explained below, the Court agrees that Petitioner did not fairly present a Double Jeopardy claim (Claim 2) to the Idaho Supreme Court, and that claim is procedurally defaulted, but the Court disagrees with Respondent that Claim 1 was not properly exhausted.

## STANDARD OF LAW

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies properly, the petitioner must have fairly presented his constitutional claims, giving the state courts a full and fair opportunity to correct the alleged error, at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation, and vague references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient). The petitioner must clearly alert the state court to the federal constitutional provision that supports her claim, or she must rely on state or federal cases that apply the constitutional rule. *Lyons v. Crawford*, 232 F.3d

MEMORANDUM DECISION AND ORDER - 3

666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's firmly established procedural rules, the claim is said to have been procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the constitutional claim in state court, but the state court denied or dismissed the claim after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Murray v. Carrier*, 477 U.S. 478, 488 (1986)*; Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

A claim that rests upon an independent and adequate state law ground will not be considered in a habeas proceeding unless the petitioner can establish cause for his procedural default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman,* 501 U.S. at 750.

## DISCUSSION

In this case, Petitioner never raised a claim in the Idaho Supreme Court based on the Double Jeopardy Clause of the Fifth Amendment, and for that reason Claim 2 has not been properly exhausted. Petitioner counters that he could not have raised a double jeopardy claim when he filed his state post-conviction petition because the claim did not ripen until the Sheriff's Office began proceedings to confiscate his firearm under Idaho Code § 19-3807. The Court is not persuaded, as Petitioner does not explain why he did not exhaust the issue in the forfeiture proceeding itself, or through some other collateral

**MEMORANDUM DECISION AND ORDER - 4**

challenge. Petitioner's passing references to the confiscation of his firearm in his appellate filings in the post-conviction matter is not sufficient to fairly present the constitutional issue to the Idaho state courts. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Because it is too late to return and raise the claim now, the Court concludes that the Claim 2 is procedurally defaulted. Petitioner has not offered any other reason, or "cause," that might excuse the default, and after reviewing the record the Court has found none.

However, the Court parts company with Respondent as to the exhaustion status of Claim 1. In that claim, Petitioner contends that Idaho Code § 18-3316 is unconstitutional because it is a bill of attainder and an ex post facto law. Respondent asserts that while Petitioner offered these theories in the state courts generally, he framed the "claim" before the state courts solely under the rubric of ineffective assistance of trial counsel. The Court disagrees.

First, a review of Petitioner's appellate brief in the Idaho Court of Appeals reveals that Petitioner raised *both* the underlying ex post facto and bill of attainder claims *and* a claim that his counsel had performed deficiently for not raising those issues. The ineffective assistance of counsel claim was briefed at pages 9-11 in his Appellant's Brief, and the underlying substantive claims were briefed at 11-22. (State's Lodging B-1.) It is apparent to this Court that Petitioner, who was acting pro se, chose to argue ineffective assistance of counsel in the alternative as a means of countering any potential procedural hurdle that the State may have offered based on his failure to raise the underlying issues

**MEMORANDUM DECISION AND ORDER - 5**

in a direct appeal. But his primary concern was with the merits of the ex post facto and bill of attainder claims.

Next, in rejecting the ineffective assistance of counsel claim, the Idaho Court of Appeals nonetheless addressed the substance of the bill of attainder and ex post facto issues under federal law, concluding that because those issue lacked merit independently, Petitioner's counsel could not have been ineffective in failing to raise them before the trial court. (State's Lodging B-6, pp. 4-7.) In other words, the Idaho Court of Appeals necessarily adjudicated the merits of Petitioner's Claim 1 when it found no merit to the ineffective assistance of counsel claim. *See*, *e.g.*, *Ramdass v. Angelone*, 187 F.3d 396, 409 (4th Cir. 1999) (concluding that a claim was exhausted when the petitioner raised the substance of the claim, and the state court decided the claim, as part of an ineffective assistance of counsel issue), *aff'd. on different grounds*, 530 U.S. 156 (2000). Petitioner re-asserted the same issues in his Petition for Review in the Idaho Supreme Court, satisfying the requirement of fair presentation to the highest state court. (State's Lodging B-8, pp. 4-13.)

For these reasons, the Court will grant Respondent's Motion in part and deny it in part. The parties shall submit additional pleadings in accordance with the scheduling to follow.

## ORDER

1. Respondent's Motion for Summary Dismissal (Dkt. 11) is GRANTED in part and DENIED in part. Claim 2 in the Petition for Writ of Habeas Corpus

**MEMORANDUM DECISION AND ORDER - 6**

is DISMISSED with prejudice.

2. Petitioner's Motion to Submit for Decision (Dkt. 16) is DEEMED MOOT by this Order.

3. No later than 60 days from the date of this Order, Respondent shall file an answer to the remaining claim or claims in the Petition. Respondent shall brief all claims within the answer. Within 30 days of receiving Respondent's answer, Petitioner shall file a reply (formerly known as a traverse), and Respondent may file a sur-reply within 14 days of receiving Petitioner's reply. The Court does not wish to receive motions for summary judgment, and the matter will be at issue once the additional pleadings have been filed.

DATED: **March 6, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 7**