UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID ZIVKOVIC,<br><br>                Petitioner,<br><br>   v.<br><br>BRENT REINKE, Idaho Department of Correction,<br><br>                Respondent. | Case No. 1:11-cv-00624-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Petitioner David Zivkovic's Petition for Writ of Habeas Corpus (Dkt. 3). Respondent has filed an Answer and Brief in Support of Dismissal (Dkt. 21).[1] Petitioner has filed a Reply and Objection to Respondent's Answer (Dkt. 23), and Respondent has filed a Sur-reply (Dkt. 24). The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on June 28, 2012, and May 13, 2013 (Dkt. 12 & 22). *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

      Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral

---

[1] Respondent's Motion for Extension of Time to File Answer and Brief in Support of Dismissal (Dkt. 20) will be granted, and the Answer is deemed timely.

**MEMORANDUM DECISION AND ORDER - 1**

argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying the Petition and dismissing this case.

## BACKGROUND

On April 8, 1992, the Idaho Legislature enacted Idaho Code § 18-3316, which criminalizes the possession of a firearm by any "person who previously has been convicted of a felony." In July of 1995, Petitioner was convicted in Utah of felony theft. (State's Lodging A-1 at 3.) He later pleaded guilty to another Utah crime, that of being a felon in possession of a firearm, in 2001. Petitioner served two years in prison for that conviction and, upon his release on parole, he moved to Idaho. (*Id.*) Petitioner was informed by his parole officer that he was prohibited from possessing a firearm in Idaho because he had been previously convicted of a felony. (*Id.*)

In 2007, Petitioner pleaded guilty in state district court to one felony count of illegal possession of a firearm under Idaho Code § 18-3316—the conviction at issue in the instant habeas Petition—along with various misdemeanors. (*Id.* at 2.) Sentencing was held in abeyance pending Petitioner's completion of the Oneida County DUI/Drug Court Program. When Petitioner was later terminated from the program, the state court sentenced him to five years in prison with the first three years fixed on the felony gun charge. (*Id.*; State's Lodging B-6 at 1.)

Petitioner did not file a direct appeal, having waived his right to appeal as part of the drug court diversion program, and he instead chose to submit a petition for

**MEMORANDUM DECISION AND ORDER - 2**

postconviction relief. (*Id*. at 2.) In that petition, Petitioner claimed that Idaho Code § 18-3316 violates the Ex Post Facto and Bill of Attainder clauses of the United States Constitution, and that his trial counsel was ineffective in not raising those issues. (*Id.* at 3.) The district court noted that Petitioner should have raised his claims on direct appeal, but it nonetheless denied relief on the merits, finding no ex post facto or bill of attainder violations, and thus no ineffective assistance of counsel. (*Id*. at 35.) On appeal, the Idaho Court of Appeals concluded that because the ex post facto and bill of attainder arguments were without merit, Petitioner's counsel was not ineffective in failing to raise those arguments during the criminal proceedings. (State's Lodging B-6 at 3-7.) The Idaho Supreme Court declined to review the case, and the United States Supreme Court later denied certiorari. (State's Lodging B-9, B-11.)

Petitioner next filed a Petition for Writ of Habeas Corpus in this Court, which, in an Initial Review Order, Chief Magistrate Judge Candy W. Dale construed as alleging (1) that Idaho Code § 18-3316 is unconstitutional because it is a bill of attainder and an ex post facto law, and (2) that the State's "tandem use of [Idaho Code §] 18-3316 with 19-3807 [allowing for the confiscation of illegal firearms] constitutes double jeopardy." (Dkt. 8 at 2) (quoting Dkt. 3 at 5) (first alteration in original).

Respondent filed a Motion for Summary Dismissal, arguing that Petitioner failed to properly exhaust his claims in the state courts. (Dkt. 11-1 at 5.) The Court agreed with Respondent that Claim 2—Petitioner's double jeopardy claim—was procedurally defaulted and that cause and prejudice did not exist to excuse the default. (Dkt. 18 at 3,

**MEMORANDUM DECISION AND ORDER - 3**

5.) However, the Court held that Claim 1—Petitioner's bill of attainder and ex post facto claim—was not procedurally defaulted. (*Id*. at 5-6.) The Court now analyzes Claim 1, the only remaining claim, on the merits.

## DISCUSSION

**1.     Standard of Law**

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is generally limited to instances where the state court's adjudication of the petitioner's claim

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. Section 2254(d)(1) has two clauses, each with independent meaning. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. The standard of § 2254(d) is onerous and is satisfied only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

**MEMORANDUM DECISION AND ORDER - 5**

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

When a petitioner contests the reasonableness of the state court's factual determinations, a federal court must undertake a § 2254(d)(2) analysis. To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The United States Supreme Court has admonished that a "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

The United States Court of Appeals for the Ninth Circuit has identified four types of unreasonable factual determinations in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when state courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective"; or (4) when state courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to

**MEMORANDUM DECISION AND ORDER - 6**

petitioner's claim." *Taylor v. Maddox*, 366 F.3d. 992, 1000-01 (9th Cir. 2004). If the state court's decision was based on an unreasonable determination of the facts, then the Court is not limited by § 2254(d)(1), but proceeds to a de novo review of the petitioner's claims, which may include consideration of evidence outside the state court record. *Maxwell v. Roe*, 628 F.3d 486, 494-95 (9th Cir. 2010).

2.      **Petitioner Is Not Entitled to Relief on Claim 1**

    A.      *Bill of Attainder*

The United States Constitution prohibits bills of attainder. *See* U.S. Const. art. 1, § 9, cl. 3 & art. 1, § 10, cl. 1. The Supreme Court has explained that a bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual or group of individuals without provision of the protections of a judicial trial. *United States v. Brown*, 381 U.S. 437, 448-50 (1965) (holding that a law prohibiting members of the Communist Party from serving as officers or employees of labor unions was unconstitutional as a bill of attainder). There are three requirements for a bill of attainder: (1) specification of the affected person or persons; (2) punishment; and (3) lack of a judicial trial. *Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 847 (1984).

The Idaho Court of Appeals correctly identified *Brown* as controlling United States Supreme Court precedent with respect to bills of attainder and rejected Petitioner's claim that Idaho Code § 18-3316 is unconstitutional:

A bill of attainder is any legislation that targets an easily ascertainable group, determines guilt, and inflicts punishment without the protections of a judicial trial. *United States v. Brown*, 381 U.S. 437, 448–49, 85 S. Ct. 1707, 1714-15, 14 L. Ed. 2d 484, 491-92 (1965); *State v. Lovelace*, 140 Idaho 53, 71, 90 P.3d 278, 296 (2003), *on reh'g* 140 Idaho 73, 90 P.3d 298 (2004); *State v. Gee*, 107 Idaho 991, 993, 695 P.2d 376, 378 (1985). Three requirements must be met to establish a violation of the Bill of Attainder Clause— specification of the affected persons, punishment, and lack of judicial trial. *United States v. Munsterman*, 177 F.3d 1139, 1141 (9th Cir. 1999).

Idaho Code Section 18-3316(1), the unlawful possession of a firearm by a felon statute, provides, in relevant part:

> A person who previously has been convicted of a felony who purchases, owns, possesses, or has under his custody or control any firearm shall be guilty of a felony and shall be imprisoned in the state prison for a period of time not to exceed five (5) years and by a fine not to exceed five thousand dollars ($5,000).

Whether this statute constitutes a bill of attainder has never been addressed in Idaho, although other states have analyzed their own similar felon in unlawful possession of firearm statutes and have held that such statutes do not constitute bills of attainder. *See, e.g., State v. Swartz*, 601 N.W.2d 348, 351-52 (Iowa 1999); *State v. Myrick*, 436 A.2d 379, 383-84 (Me. 1981); *State v. Whitaker*, 364 N.C. 404, 700 S.E.2d 215, 220 (2010).

The first indicator of a bill of attainder is the specificity of the persons who are affected by the legislation. *Langford v. Day*, 134 F.3d 1381, 1382-83 (9th Cir. 1998). Idaho Code Section 18-3316 sets forth a rule generally applicable to all persons having a certain characteristic— being convicted of a felony. Any person who has been convicted of a felony in Idaho is subject to I.C. § 18-3316 and prohibited from possessing a firearm. I.C. § 18-3316(1). Therefore, the group

of individuals affected by I.C. § 18-3316 is specific and ascertainable.

However, the second characteristic of a bill of attainder—that it imposes punishment on the specified group or individual—is not present here. The prohibition against bills of attainder relates only to penal laws which inflict a disability for the purpose of punishment. *United States v. Donofrio*, 450 F.2d 1054, 1056 (1971). The regulation of guns in the hands of previously convicted felons is designed to accomplish a nonpunitive public purpose—to keep firearms out of the hands of persons who, having been convicted of felonies, may have a greater likelihood than other citizens to misuse firearms. *Munsterman*, 177 F.3d at 1142. When the disability is designed to accomplish some legitimate government purpose other than punishment, it does not constitute a bill of attainder. *Donofrio*, 450 F.2d at 1056. Here, I.C. § 18-3316 accomplishes the legitimate government purpose of keeping firearms out of the hands of felons who are more likely than others to misuse them. [Petitioner] was not being punished for his membership in a particular group but, rather, for his violation of a regulation validly imposed upon that group through the legislative process. *See Swartz*, 601 N.W.2d at 351.

Finally, a bill of attainder imposes punishment on the specified group without the protection of a judicial trial. *Langford*, 134 F.3d at 1382-83; *Lovelace*, 140 Idaho 53, 71, 90 P.3d 278, 296. Statutes, which set forth a generally applicable rule and leave to courts and juries the job of deciding what persons have committed the specified acts, do not constitute bills of attainder. *United States v. Brown*, 381 U.S. 437, 449-50, 85 S. Ct. 1707, 1715-16, 14 L. Ed. 2d 484, 492-93 (1965). Whether the trial is before a judge or a jury, the defendant is guaranteed the protections of the judicial process prior to a finding that he or she is guilty of unlawful possession of a firearm under I.C. § 18-3316. [Petitioner's] conviction in the present case was not punishment imposed without judicial process. He was given an opportunity to present his case to a jury, but voluntarily chose to enter a guilty plea and enter the drug court program. In this case,

> [Petitioner] received all of the judicial protections that could
> be afforded him.

(State's Lodging B-6 at 4-6.) This decision was not contrary to or an unreasonable application of *Brown* or any other Supreme Court case. The Supreme Court has never held any felon-in-possession statute unconstitutional as a bill of attainder.

Petitioner relies on *Cummings v. Missouri*, 71 U.S. 277 (1866), in arguing that the state court's decision was unreasonable. *Cummings* involved provisions in the Missouri constitution that required a specific oath by anyone holding "any office of honor, trust, or profit under its authority, or of being an officer, councilman, director, or trustee, or other manager of any corporation, public or private, . . . or of acting as a professor or teacher in any educational institution, or in any common or other school, or of holding any real estate or other property in trust for the use of any church, religious society, or congregation." *Id.* at 317 (internal quotation marks omitted). No one could hold such a position without taking an oath that he had never, *inter alia*, been in armed hostility to the United States or manifested adherence to the cause of the enemies of the United States—an oath aimed primarily at former members of the Confederacy. Cummings was a priest who had failed to take the required oath before preaching and teaching. *Id.* at 316.

The *Cummings* Court held that the "disabilities created by the constitution of Missouri must be regarded as penalties" and declared the provision unconstitutional as a bill of attainder; the provisions "presume[d] the guilt of the priests and clergymen, and adjudge[d] the deprivation of their right to preach or teach unless the presumption be first

**MEMORANDUM DECISION AND ORDER - 10**

removed by their expurgatory oath—in other words, they assume[d] the guilt and adjudge[d] the punishment conditionally." *Id.* at 325.

*Cummings* is inapplicable to Petitioner's case because, as the Idaho Court of Appeals explained, the Idaho felon-in-possession statute does not legislatively determine guilt or presume the guilt of those charged with violating it. It simply prohibits the possession of firearms by felons—a "nonpunitive public purpose . . . to keep firearms out of the hands of persons who, having been indicted for felonies, may have a somewhat greater likelihood than other citizens to misuse firearms." *United States v. Munsterman*, 177 F.3d 1139, 1142 (9th Cir. 1999). Nor does Idaho Code § 18-3316 withhold the protections of a judicial trial. Every person charged with violating the statute has the right to a fair trial in accordance with the United States Constitution. The Idaho Court of Appeals reasonably determined that § 18-3316 is not a bill of attainder.

## B. *Ex Post Facto Law*

"Although the Latin phrase '*ex post facto*' literally encompasses any law passed 'after the fact,' it has long been recognized . . . that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990). The ex post facto provisions of the United States Constitution, art. 1, § 9, cl. 3 & art. 1, § 10, cl. 1, forbid Congress and the States from passing (1) any law "that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action"; (2) any law "that aggravates a crime, or makes it greater than it was, when committed"; (3) any law

**MEMORANDUM DECISION AND ORDER - 11**

"that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed"; or (4) any law "that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." *Id.* at 42 (internal quotation marks, citation, and emphasis omitted). To constitute an ex post facto violation, the challenged law "must be retrospective, that is, it must apply to events occurring *before* its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981) (emphasis added) (footnote omitted).

Petitioner challenges the state district court's factual determination that "there is no claim that possession of the [Zivkovic's] firearm occurred prior to the enactment of the statute prohibiting a felon from possessing a firearm." (Dkt. 23 at 4) (quoting State's Lodging A-1 at 34) (alteration in original). The court of appeals similarly stated that Petitioner's "possession of the firearm occurred after the effective date" of Idaho Code § 18-3316. (State's Lodging B-6 at 7.) Petitioner alleges that, on the contrary, he had indeed owned and possessed the firearm since before the effective date of § 18-3316, and Respondent does not refute this contention.

However, in the context in which the state courts made their respective statements regarding the timing of Petitioner's possession of the firearm, it is clear that they were referring to the *criminal* possession of the firearm for which Petitioner was charged. That possession did not begin until Petitioner became a felon in 1995, *after* the enactment of the felon-in-possession statute in 1992. Petitioner was not charged for his pre-1992 lawful

**MEMORANDUM DECISION AND ORDER - 12**

conduct of possessing the firearm, but for his 2007 conduct of *continuing* to possess the firearm after he had been convicted of a felony. The state court's decision thus did not rest on an unreasonable determination of the facts.

Nor was the decision of the Idaho Court of Appeals based on an unreasonable application of the ex post facto jurisprudence of the Supreme Court. The state court appropriately cited *Collins v. Youngblood* (State's Lodging B-6 at 6) and went on to determine that Idaho's felon-in-possession statute was not an ex post facto law:

> The Ex Post Facto Clause of the United States Constitution prohibits a law which imposes a greater punishment on a defendant than when he or she was convicted of the underlying offense, makes a punishment for a crime greater than it was when it was committed, or deprives a defendant of a defense available at the time the act was committed. *United States v. George*, 625 F.3d 1124, 1130 (9th Cir. 2010). For a criminal law to be ex post facto, it must be retrospective and disadvantage the offender affected by it. *Id.* A law is retrospective if it changes the legal consequences of acts completed before its effective date. *Id.* So long as the actual crime for which a defendant is being sentenced occurred after the effective date of the new statute, however, there is no ex post facto violation. *United States v. Baca-Valenzuela*, 118 F.3d 1223, 1231 (8th Cir. 1997). In this case, Zivkovic's [criminal] possession of the firearm occurred after the effective date of the "new" statute. Therefore, I.C. § 18-3316 did not operate as an ex post facto law.

(*Id.* at 7.)

Petitioner's 2007 conduct of possessing a firearm even though he had been convicted of a felony occurred after the effective date of the 1992 law prohibiting felons

**MEMORANDUM DECISION AND ORDER - 13**

from possessing firearms. Therefore, the Idaho Court of Appeals' decision was reasonable.

C. *Heller* and *McDonald*

Petitioner also argues that the state courts "failed to apply controlling new law in Petitioners [sic] proceedings." (Dkt. 23 at 4) (capitalization omitted). He cites *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008), which held that the right to bear arms under the Second Amendment is an individual right, and *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3026 (2010), which held that the Second Amendment right to bear arms identified in *Heller* applies to the States through the Due Process Clause of the Fourteenth Amendment.

But the Supreme Court in *Heller* itself clarified that "nothing in our opinion should be taken to cast doubt on *longstanding prohibitions on the possession of firearms by felons*." 554 U.S. at 626 (emphasis added). Such regulatory measures are "presumptively lawful." *Id.* at 627 n.26; *see also United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) (upholding, after *Heller*, convictions under the federal felon-in-possession statute because "felons are categorically different from the individuals who have a fundamental right to bear arms."). The fact that "law-abiding, responsible citizens" have a fundamental right under the Second Amendment "to use arms in defense of hearth and home," *Heller*, 554 U.S. at 635, simply has no relevance to the constitutionality of prohibiting convicted felons like Petitioner from possessing firearms under Idaho Code § 18-3316. Petitioner

has failed to establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(A).

## CONCLUSION

Petitioner is not entitled to habeas relief on Claim 1, the only remaining claim in the Petition, because the Idaho Court of Appeals' decision rejecting Petitioner's bill of attainder and ex post facto claim was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor was it based on an unreasonable determination of the facts. Therefore, the Court will dismiss the Petition with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 20) is GRANTED. The Answer and Brief in Support of Dismissal (Dkt. 21) is deemed timely.

2. The Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED, and this entire action is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of

Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **December 31, 2013**

*/s/ Edward J. Lodge*
~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 16**